**Order entered June 23, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00459-CV

### RICHARD K. ARCHER, M.D., ET AL., Appellants

### V.

### BOBBY TUNNELL, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-08161-M**

## ORDER
Before Chief Justice Wright, Justice Lang-Miers and Justice Stoddart

Before the Court is appellee's May 14, 2015 motion to dismiss the appeal and for sanctions. This appeal arises in a case involving a vehicular accident in which the driver of the vehicle in which appellee was traveling allegedly struck one or more cows ostensibly owned by or under the control of a physician. Appellants appeal the trial court's April 10, 2015 order denying their motion to dismiss the case for failure of the appellee to file an expert witness report under chapter 74 of the Texas Civil Practice and Remedies Code.

We conclude we possess jurisdiction over the appeal of the trial court's April 10, 2015 order denying appellants' motion to dismiss. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(9) (extending appellate jurisdiction to appeals from interlocutory orders denying all or

part of the relief sought by a motion under chapter 74.351(b) of the Civil Practice and Remedies Code).  Accordingly, we **DENY** the motion to dismiss the appeal.  Although appellants also assert that this Court has appellate jurisdiction over the denial of their plea in abatement or denial of their motion for summary judgment asserting lack of jurisdiction pursuant to the Employee Retirement Income Security Act, their notice of appeal does not seek to appeal any such orders and review of the clerk's record fails to reveal the existence of any such orders.

We **DEFER** ruling on appellee's motion for sanctions.  The parties may further address in their briefs on the merits whether this appeal is frivolous, the appropriate extent of any sanctions the Court should award, and whether, if sanctions are awarded, they should appropriately be assessed against the appellants, counsel or both.  *See* TEX. R. APP. P. 45

/s/      CAROLYN WRIGHT
CHIEF JUSTICE